IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM CLEVELAND and
WILLIAM JONES,

    Plaintiffs,

vs.                                                      Cause No.

D&E TRANSPORT, LLC and
CRAIG S. BERGERON,

    Defendants.

**DEFENDANT D&E TRANSPORT, LLC's ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES**

COMES NOW, Defendant, D&E Transport, LLC, by and through its attorneys of record, YLAW, P.C. and for its Answer to Plaintiffs' Complaint for Personal Injuries respectfully state as follows:

**I. JURISDICTION, VENUE AND PARTIES**

1. Upon information and belief, D&E Transport admits the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. Upon information and belief, D&E Transport admits the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. D&E Transport admits it is a foreign limited liability corporation with its principal place of business in Clearwater, MN.

4. In response to the allegations contained in Paragraph 4 of the Plaintiffs' Complaint, upon information and belief, D&E Transport admits that at the time of the subject accident Defendant Bergeron, now deceased, was a resident of Fargo, North Dakota.

5. D&E Transport denies the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

6. D&E Transport denies the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

## II. FACTS RELEVANT TO ALL COUNTS

7. D&E Transport reasserts and reincorporates all responses contained above as though fully set forth herein.

8. At this time, D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

9. At this time, D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Plaintiffs' Complaint and, placing its denial on that basis, denies the same and demands strict proof thereof.

10. At this time, D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Plaintiffs' Complaint and, placing its denial on that basis, denies the same and demands strict proof thereof.

11. At this time, D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Plaintiffs' Complaint and, placing its denial on that basis, denies the same and demands strict proof thereof.

12. Upon information and belief, D&E Transport admits the allegations contained in Paragraph 12 of the Plaintiffs' Complaint but states the referenced citation is inadmissible in this action.

13. Upon information and belief, D&E Transport admits the allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Plaintiffs' Complaint and, placing its denial on that basis, denies the same and demands strict proof thereof.

### III. NEGLIGENCE OF DEFENDANT BERGERON

15. D&E Transport reasserts and reincorporates all responses contained above as though fully set forth herein.

16. At this time, D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Plaintiffs' Complaint and, placing its denial on that basis, denies the same and demands strict proof thereof.

18. D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Plaintiffs' Complaint and, placing its denial on that basis, denies the same and demands strict proof thereof.

19. D&T Transport denies the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

### IV. NEGLIGENCE PER SE OF DEFENDANT BERGERON

20. D&E Transport reasserts and reincorporates all responses contained above as though fully set forth herein.

21. At this time, D&E Transport is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

22. D&E Transport admits the allegations contained in Paragraph 22 of the Plaintiffs' Complaint but states the referenced citation is inadmissible in this action.

23. Paragraph 23 constitutes a statement, misstatement and/or conclusion of law to which no response is required. To the extent any of the statements, misstatements and/or conclusions of law contained therein can construed as against D&E Transport, they are denied.

24. Paragraph 24 constitutes a statement, misstatement and/or conclusion of law to which no response is required. To the extent any of the statements, misstatements and/or conclusions of law contained therein can construed as against D&E Transport, they are denied.

25. Paragraph 25 constitutes a statement, misstatement and/or conclusion of law to which no response is required. To the extent any of the statements, misstatements and/or conclusions of law contained therein can construed as against D&E Transport, they are denied.

## V. NEGLIGENCE OF D&E TRANSPORT, LLC

26. D&E Transport reasserts and reincorporates all responses contained above as though fully set forth herein.

27. Paragraph 27 constitutes a statement, misstatement and/or conclusion of law to which no response is required. To the extent any of the statements, misstatements and/or conclusions of law contained therein can construed as against D&E Transport, they are denied.

28. D&E Transport admits the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

29. Paragraph 29 constitutes a statement, misstatement and/or conclusion of law to which no response is required. To the extent any of the statements, misstatements and/or conclusions of law contained therein can construed as against D&E Transport, they are denied.

30. Paragraph 30 constitutes a statement, misstatement and/or conclusion of law to which no response is required. To the extent any of the statements, misstatements and/or conclusions of law contained therein can construed as against D&E Transport, they are denied.

31. D&E Transport denies the allegations contained in Paragraph 31 of the Plaintiffs' Complaint.

## **PRAYER FOR RELIEF**

In response to the Prayer for Relief contained in Plaintiffs' Complaint, D&E Transport states that at this time, it is without sufficient information or knowledge to form a belief as to whether Plaintiffs are entitled to the relief sought and, placing its denial on that basis, denies the same and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. As a separate and alternative affirmative defense, D&E Transport states that no act or omission on its part was a cause of the damages about which Plaintiffs complain.

3. As a separate and alternative affirmative defense, D&E Transport states that if it was negligent in any way, which is specifically denied, then its negligence must be compared with that of the Plaintiffs and others under the doctrine of comparative fault.

4. As a separate and alternative affirmative defense, D&E Transport states that to the extent Plaintiffs have failed to mitigate any of the damages about which they complain, any award must be reduced by any such failure.

5. As a separate and alternative affirmative defense, D&E Transport states that Plaintiffs have failed to state sufficient facts upon which to base a claim for pre-judgment interest.

6. As a separate and alternative affirmative defense, D&E Transport states that Plaintiffs have failed to state sufficient facts upon which to base a claim for punitive damages and any award of punitive damages would be contrary to the Constitution of the United States and the Constitution of the State of New Mexico.

D&E Transport reserves the right to modify these affirmative defenses as discovery progresses and additional facts are known.

## JURY DEMAND

D&E Transport hereby requests a jury trial on all issues to be properly presented.

WHEREFORE, Defendant D&E Transport, LLC, having fully answered Plaintiffs' Complaint for Personal Injuries, prays that the action against it be dismissed, with prejudice, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

YLAW, P.C.

*/s/ S. Carolyn Ramos*
S. Carolyn Ramos
Armand D. Huertaz
4908 Alameda Blvd. NE
Albuquerque NM 87113
(505) 266-3995
cramos@ylawfirm.com
ahuertaz@ylawfirm.com
*Attorneys for Defendant D&E Transport, LLC*

I hereby certify that on this 13th day of March 2024, a true and correct copy of the foregoing was electronically filed with the Court, causing service to be electronically made upon the following counsel of record:

Douglas E. Gardner
Anna M. Baecker
Robles, Rael & Anaya, P.C.
douglas@roblesrael.com
abaecker@roblesrael.com

*Attorneys for Plaintiffs*

*/s/ S. Carolyn Ramos*
S. Carolyn Ramos